**Bao Ming CHEN, Petitioner,**

v.

**The BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–40416.**

United States Court of Appeals, Second Circuit.

July 21, 2005.

Gary J. Yerman, New York, New York, for Petitioner (on submission).

R. Emery Clark, Assistant United States Attorney (Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina), Columbia, South Carolina, for Respondent (on submission).

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby **DENIED.**

Petitioner Bao Ming Chen ("Chen"), a citizen of the People's Republic of China, petitions this Court for review of an August 13, 2003 decision of the Board of Immigration Appeals ("BIA"), affirming a December 13, 2001 order of the Immigration Judge ("IJ"). The IJ rejected Chen's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied him relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. Furthermore, the IJ directed Chen's removal from the United States.

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. When

reviewing asylum and CAT claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotation omitted). To reverse an IJ's factual finding, we must conclude "that the evidence not only *supports* [a] conclusion" favorable to the asylum applicant, "but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

In this case, the BIA concluded that the lack of detail in Chen's testimony was not sufficient to defeat his claim for asylum, and that Chen's testimony that he fears sterilization is not inconsistent with his application. However, the BIA also found, and we agree, that Chen's attempt to return to China casts doubt on his present claim that he fears sterilization and other persecution. We therefore do not upset the BIA's conclusion that Chen has failed to establish a well-founded fear of future persecution. *See Ramsameachire,* 357 F.3d at 178 (holding that proving a well-founded fear of future persecution requires objective proof of a basis for the fear).

Because an applicant who fails to establish eligibility for asylum is necessarily precluded from satisfying the heavier burden for withholding of removal, *see Zhang v. INS,* 386 F.3d 66, 71 (2d Cir.2004), we hold that Chen's petition for withholding of removal also fails.

Accordingly, for the reasons set forth above, the petition for review is hereby DENIED.